UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LAWRENCE D. SOWERS, ) | |
| ) | |
|     Petitioner ) | |
| ) | |
| v. ) | No. 3:06cv0023 AS |
| ) | |
| WILLIAM WILSON, As the ) | |
| Superintendent Westville Correctional ) | |
| Facility, ) | |
| ) | |
|     Respondent ) | |

*MEMORANDUM, OPINION AND ORDER*

On or about January 9, 2006, *pro se* petitioner, Lawrence D. Sowers, an inmate at the Westville Correctional Facility (WCF) in Westville, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on July 24, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982).

At the present time, it appears that the petitioner is incarcerated in the WCF in this district serving a sentence imposed by a court in the State of Indiana. That sentence emanated from the Henry Circuit Court in New Castle, Indiana. It was an 18-year sentence on a conviction of assisting a criminal and being a habitual offender. This petitioner filed a response on August 7, 2006 which is in excellent form and consists of 18 pages. Substantial chunks of the state record have been filed and examined here.

Of some moment is the unpublished memorandum decision of the Court of Appeals of Indiana entered November 6, 2001 authored by Judge Robb and concurred in by Judge Friedlander with Judge Baker of the Court of Appeals of Indiana filing a concurring opinion. For the immediate reference of all concerned, the memorandum decision is marked as Appendix "A", attached hereto and incorporated herein. The Supreme Court of Indiana denied transfer on that opinion on January 25, 2002. At this point, it must be incidentally remarked that at the trial court level this case was handled by the Honorable John L. Kellam, an excellent and very experienced Indiana trial court judge. Thereafter, the case returned to the state trial court where this petitioner filed for post-conviction relief under state law on February 28, 2002. Such relief was denied by the state trial court on March 7, 2005. He appealed that decision to the Court of Appeals of Indiana which affirmed the decision of the state court. That decision affirming the denial of post-conviction relief was entered on August 12, 2005. For the immediate reference of all concerned, the memorandum decision is marked as Appendix "B", attached hereto and incorporated herein. The decision was authored by Judge Baker of the Court of Appeals of Indiana and concurred in by Judges Riley and Mathias of that court. The Supreme Court of Indiana denied transfer on November 16, 2005.

It should be noted that in the second go around in the Henry Superior Court, it was handled by Judge Michael D. Peyton of that court. So by November 16, 2005, the issues involved were heard twice by the Court of Appeals of Indiana and in each instance the

2

Supreme Court of Indiana had denied transfer. Thus, the case has been given a thorough airing by the Indiana judiciary, which brings to mind the twin unanimous decisions decided by the Supreme Court of Indiana the same day in 2002. *Woodford v. Visciotti*, 537 U.S. 19 (2002) and *Early v. Packer*, 537 U.S. 3 (2002). See also *Bell v. Cone*, 543 U.S. 447 (2005), reversing *Cone v. Bell*, 359 F.3d 785 (6th Cir. 2004). *See also Rice v. Collins*, 125 S.Ct. 969 (2006), and *Charlton v. Davis*, 439 F.3d 369 (7th Cir. 2006).

Certainly the two Court of Appeals decisions and the denial of transfer to the same by the Supreme Court of Indiana carry a presumption of correctness leaving this petitioner with the burden of rebutting the same by clear and convincing evidence under 28 U.S.C. §2254(e)(1). The petitioner has not carried that burden. The jury verdict in this case was on October 27, 2000 in which this petitioner was found guilty of two counts of assisting a criminal which was a Class C felony under the law of Indiana. He later pled guilty to being a habitual offender and was sentenced by the judge of the Henry Circuit Court to an aggregate term of 18 years. The issue raised in the initial appeal to the Court of Appeals of Indiana had to do with sufficiency of evidence and the instruction on reasonable doubt. Neither of those issues found favor with a panel of the Court of Appeals of Indiana, and the Supreme Court denied transfer.

Issues raised in the second petition to the state trial court had to do with whether the state judge handling the case had improperly modified certain instructions; whether the state trial court improperly allowed the filing of a habitual offender enhancement; whether the

3

state trial court properly considered aggravating and mitigating factors in sentencing the petitioner; and whether the conviction was anomalous; and finally, whether the petitioner received effective assistance of counsel.  The aforesaid decision of the Court of Appeals of Indiana entered August 12, 2005 denied relief on all those issues, and the Supreme Court denied transfer.

The issues here have to do with whether there was a Fourth Amendment issue with regard to the search of a tent.  Generally, the focus on such issues has to do with whether there has been compliance with the procedural demands of the Supreme Court of the United States in *Stone v. Powell*, 428 U.S. 465 (1976).  After considering the entirety of this record in the state court, the answer to that question is in the affirmative.  *See also Cabrera v. Hensley*, 324 F.3d 527 (7th Cir. 2003).  The evidence here is sufficient to support the conviction under *Jackson v. Virginia*, 443 U.S. 307 (1979).  In this regard, the evidence is generally considered in a light favorable to the state.  *See Wright v. West*, 505 U.S. 277 (1992). Under state law, the elements must be established under Indiana Code 35-44-3-2(2).  The evidence clearly established that this petitioner was not a "parent, child or spouse" of Johnson.  Although the nature of the reasonable doubt instruction given in the trial in the Henry Circuit Court is basically a state law question, *see Estelle v. McGuire*, 502 U.S. 62 (1991), the instruction given was identical to one approved by the Supreme Court of Indiana in *Williams v. State* , 724 N.E. 2d 1093 (Ind. 2000).  It did not fall afoul of *In Re Winship*, 397 U.S. 358 (1970), and *Victor v. Nebraska*, 511 U.S. 1 (1994).

The state courts have considered the issue of ineffective assistance of counsel under the demands of *Strickland v. Washington*, 466 U.S. 668 (1984), and to say the least, the Court of Appeals of Indiana got it right. Very recently, the Court of Appeals of the Seventh Circuit in an extensive opinion covering a variety of issues has dealt with the issue of effective assistance of counsel. *Badelle v. Correll*, 452 F.3d 648 (7th Cir. 2006) has dealt extensively with the entirety of issue. Both the reasoning and result in *Badelle* support the result here. *See also Taylor v. Bradley*, 448 F.3d 942 (7th Cir. 2006) which also extensively deals with ineffective assistance of counsel claims under *Strickland* and supports the result reached here.

With regard to the filing of the habitual offender count, in a more general way one might want to look at *Dretke v. Haley,* 541 U.S. 386 (2004). Closer to home, the timing of the filing was the subject of the Court of Appeals of Indiana in *Blanchard v. State*, 802 N.E. 2d 14 (Ind. App. 2004). There is a real question as to whether this issue was preserved, but even aside for that, under the established law of Indiana, this court cannot say it violated the due process clause of the Fourteenth Amendment of the Constitution of the United States. Notwithstanding the invocation here of the *Early-Woodford-Bell-Rice* line of Supreme Court decisions, it is the burden of this United States district court to give close attention to the record in this case. It has conscientiously tried to do so.

This court has already commented on the excellence of the form of presentation by this petitioner in his filing of August 7, 2006. Not to be disrespectful, but much of it looks

5

like a presentation for a direct appeal which this is not.  This is a collateral proceeding honored by an enactment by the Congress of the United States permitting a United States district court to review for <u>constitutional</u> issues state court convictions.  That process has been going on one way or another since just after the American Civil War in 1867.  The collateral review envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States.  *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den*., 489 U.S. 1088 (1989).  The focus is not on violations of state law.  *See Estelle v. McGuire*, 502 U.S. 62 (1991).  *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997).  Nonetheless, it is an important part of the processes of the United States district court.

All of that being said in this case, the petitioner has presented no basis here for relief under 28 U.S.C. §2254.  Such relief is now **DENIED.  IT IS SO ORDERED**.

**DATED:**  August 14, 2006

                                               **S/ ALLEN SHARP**
                                               **ALLEN SHARP, JUDGE**
                                             **UNITED STATES DISTRICT COURT**